IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARIA GUILLEN PARRISH**, an individual; and **CHARLOTTE THOMPSON**, an individual, | Case No. 3:24-cv-00013-JR |
| Plaintiffs, | **OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART JUDGE RUSSO'S FINDINGS AND RECOMMENDATION** |
| v. | |
| **SHRINERS HOSPITALS FOR CHILDREN**, | |
| Defendant. | |

Caroline Janzen, Janzen Legal Services, LLC, 4550 SW Hall Blvd., Beaverton, OR 97005. Attorney for Plaintiffs.

Meagan A. Himes and Sarah Elizabeth Ames Benedict, Davis Wright Tremaine, LLP, 560 SW 10th Ave., Suite 700, Portland, OR 97205. Attorneys for Defendant.

**IMMERGUT, District Judge.**

This Court has reviewed de novo Judge Russo's Findings and Recommendation

("F&R"), ECF 15, to which Plaintiffs objected. For the following reasons, this Court ADOPTS

in part and REJECTS in part the F&R.

PAGE 1 – OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART
JUDGE RUSSO'S FINDINGS AND RECOMMENDATION

**LEGAL STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

**DISCUSSION**

In her F&R, Judge Russo recommended that this Court dismiss both Plaintiffs Maria Guillen Parrish's and Charlotte Thompson's claims under Title VII of the Civil Rights Act and O.R.S. 659A.030. *See generally* F&R, ECF 15. Following de novo review, this Court agrees with Judge Russo in part and disagrees with her in part.

With respect to Plaintiff Parrish, this Court holds that she has sufficiently pleaded claims under Title VII and O.R.S. 659A.030. Plaintiff Parrish alleges that she could not take the COVID-19 vaccine because she "cannot knowingly partake of a vaccine which is derived in any measure from the use of fetal cell[] lines derived from aborted fetuses" and that doing so would "make her complicit in the act of murder, however far removed" and "morally accountable to

God." First Amended Complaint ("FAC"), ECF 1-1 ¶ 5.[1] This Court has previously recognized

such allegations as sufficient under Title VII and O.R.S. 659A.030 at the Motion to Dismiss

stage. *See Gamon v. Shriners Hosps. for Child.*, Case No. 3:23-cv-00216-IM, 2024 WL 641715,

at *3–5 (D. Or. Feb. 15, 2024). At the Motion to Dismiss stage, this Court has also previously

rejected arguments regarding the "fungibility" of certain religious beliefs. *See id.* "Courts are

clear that an allegation of a religious-based abortion-related conflict with COVID-19 vaccine

mandates adequately alleges [the first] element of a religious discrimination claim." *Prodan v.*

*Legacy Health*, No. 23-cv-01195-HZ, 2024 WL 665079, at *5 (D. Or. Feb. 12, 2024). In this

Court's view, alleging culpability for murder and potential accountability to God is not a

"conclusory objection to [the] use of aborted fetal cell lines." F&R, ECF 15 at 7.

Furthermore, this Court is not persuaded by Defendant's contention that Plaintiff

Parrish's claims must be dismissed because she did "not allege what, if anything, [she] told

[Defendant] about [her] belief[s] while seeking an accommodation." Defendant's Responses to

Plaintiff's Objections, ECF 18 at 4. At this procedural posture, it is this Court's role to draw all

reasonable inferences in Plaintiffs' favor. *See Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir.

2022). The Complaint alleges that Plaintiff Parrish applied for a religious exemption "based on

her deeply held Christian beliefs," and from there, the Complaint describes those beliefs, as

recounted above. *See* FAC, ECF 1-1 ¶ 5. It is reasonable to infer, therefore, that Plaintiff Parrish

similarly elaborated on those beliefs in her exemption request form. Defendant has given no

reason for this Court to believe otherwise by, for example, providing the original exemption

---

[1] Citations to the First Amended Complaint refer to the paragraphs on pages 13–20 of ECF 1-1.

request form to the Court and arguing that it is incorporated by reference in the Complaint. For all these reasons, Plaintiff Parrish's claims can go forward.

With respect to Plaintiff Thompson, however, this Court holds that she has *not* sufficiently pleaded claims under Title VII and O.R.S. 659A.030. Plaintiff Thompson's sole allegation is that she "applied for a religious exception based on her deeply held Christian religious beliefs." FAC, ECF 1-1 ¶ 8. This single allegation is not enough. "[P]laintiffs must . . . allege a conflict" in Title VII cases, which requires some description of the plaintiffs' particular beliefs. *Bulek v. Kaiser Found. Hosps.*, No. 3:23-cv-01585-MO, 2024 WL 1436134, at *3 (D. Or. Apr. 3, 2024); *see Prakash v. Or. Health & Sci. Univ.*, Case No. 3:23-cv-01653-IM, 2024 WL 1462336, at *2 (D. Or. Apr. 4, 2024) (citing cases). Because she has failed to provide enough information here, Plaintiff Thompson's claims must be dismissed without prejudice. *See Beuca v. Wash. State Univ.*, No. 23-35395, 2024 WL 3450989, at *1 (9th Cir. July 18, 2024) (affirming dismissal of Title VII claim concerning a COVID-19 vaccine mandate because "the amended complaint [was] largely conclusory and [did] not contain sufficient factual allegations to plausibly suggest entitlement to relief" (citation and internal quotation marks omitted)).

There remains the question of whether these Plaintiffs have been improperly joined in a single action. Although both Plaintiffs were employed by Defendant and both refused to partake of Defendant's vaccine mandate, the similarities end there. Plaintiffs filed separate exemption request forms, FAC, ECF 1-1 ¶¶ 5, 8; did not have the same position, *id.* ¶¶ 4, 7; had different employment duties, *id.*; apparently hold different religious beliefs, *id.* ¶¶ 5, 8; and are seeking different kinds and amounts of damages, *id.* ¶¶ 6, 9. Chief Judge Michael McShane has previously noted that "it has become a practice of Plaintiffs' Counsel [Caroline and Paul Janzen] to file multi-party complaints that join separately-situated plaintiffs in an apparent effort to avoid

PAGE 4 – OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART
JUDGE RUSSO'S FINDINGS AND RECOMMENDATION

filing fees." *Bowerman v. St. Charles Health Sys.*, Case No. 6:23-cv-01488-MC, 2024 WL

3276131, at *11 (D. Or. July 1, 2024). Thus, in *Bowerman*, Chief Judge McShane found that the

plaintiffs there had engaged in "a gross misapplication of joinder under the Federal Rules of

Civil Procedure," given that the plaintiffs were "employed in different positions, work[ed] at

different locations, and allege[d] different claims based on their individual beliefs." *Id.*

In light of *Bowerman*, on remand to Magistrate Judge Russo, the parties should consider

whether Plaintiff Thompson has been improperly joined in this case and whether this case should

proceed without Plaintiff Thompson (who can potentially either file a new suit or have her case

severed from this one). *See Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015); *Mowell*

*v. Bayer Healthcare Pharms., Inc.*, Case No. CV 14-5126 PA (AJWx), 2014 WL 12930945, at

*2 (C.D. Cal. July 11, 2014).

## CONCLUSION

This Court has reviewed de novo the portions of Judge Russo's F&R to which Plaintiffs

objected. Judge Russo's F&R, ECF 15, is adopted in part and rejected in part. This Court

GRANTS in part and DENIES in part Defendant's Motion to Dismiss, ECF 8. The dismissal of

Plaintiff Thompson's claims is without prejudice. On remand, the parties should consider

whether the instant case should proceed solely with Plaintiff Maria Guillen Parrish.


**IT IS SO ORDERED**.

DATED this 7th day of August, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge